IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>CHRISTIAN JON DUCREST,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER DENYING DEFENDANT'S MOTION IN LIMINE TO PROHIBIT EXPERTS<br><br><br><br>Case No. 1:07-CR-104 TS |

This matter comes before the Court on Defendant's Motion in Limine to Prohibit Experts. In his Motion, Defendant seeks to preclude the government from offering the testimony of any experts. For the reasons discussed below, the Court will deny Defendant's Motion.

Defendant argues that the governments has failed to disclose any experts and has failed to produce any curriculum vitae of any experts. As a result, Defendant argues that the government should be prohibited from calling or eliciting testimony from any expert witnesses at trial. The government responds by stating that it has provided notice of its experts and has provided reports prepared by those experts where they exist. Further, the government states that it has now provided the curriculum vitae of its experts.

1

Fed.R.Crim.P. 16(a)(1)(G) provides, in pertinent part, that "[a]t the defendant's request, the government must give to the defendant a written summary of any testimony that the government intends to use under Rules 702, 703, or 705 of the Federal Rules of Evidence during its case-in-chief at trial." That rule goes on to state that "[t]he summary provided under this subparagraph must describe the witness's opinions, the bases and reasons for those opinions, and the witness's qualifications." DUCrimR 16-1(c) states that, "[u]nless ordered by the court, the party obligated to disclose under Fed.R.Crim.P. 16 must comply promptly but not fewer than fourteen (14) days prior to trial."

Here, the government indicates that on December 13, 2007, it provided to Defendant a copy of the report prepared by its forensic chemist Bo Smith. Additionally, the government represents that on June 25, 2008, it identified a second expert who would testify that the firearm in this case traveled in interstate commerce. Finally, the government represents that on August 13, 2008, it provided Defendant with the curriculum vitae of both of its experts.

Based on the evidence presented, the Court cannot find a violation of Rule 16. It appears that the government identified its expert witnesses and informed Defendant of the nature of their testimony well in advance of trial. Even if a violation occurred, the extreme sanction of excluding the government's experts is not appropriate for the reasons discussed below.

Rule 16(d)(2) of the Federal Rules of Criminal Procedure gives the Court broad discretion in imposing sanctions on a party who fails to comply with a discovery order.[1] That Rule provides:

---

[1] *United States v. Wicker*, 848 F.2d 1059, 1060 (10th Cir. 1998).

> If a party fails to comply with this rule, the court may:
> (A) order that party to permit the discovery or inspection; specify its time, place, and manner, and prescribe other just terms and conditions;
> (B) grant a continuance;
> (C) prohibit that party from introducing the undisclosed evidence; or
> (D) enter any other order that is just under the circumstances.[2]
>
> The factors the district court should consider in determining whether a sanction is appropriate are (1) the reasons for the delay in producing the requested materials, including whether or not the party acted in bad faith; (2) the extent of prejudice to the other party as a result of the delay; and (3) the feasibility of curing the prejudice with a continuance.[3]

If the Court concludes that sanctions are appropriate, it should impose the least severe sanction that will accomplish prompt and full compliance with the Court's discovery orders.[4]

First, there is nothing to suggest bad faith on the part of the government. "In the absence of a finding of bad faith, the court should impose the least severe sanction that will accomplish prompt and full compliance with the discovery order."[5] Further, it is "a rare case where, absent bad faith, a district court should exclude evidence rather than continue the proceedings."[6]

Second, the Court finds that there is no prejudice to Defendant in allowing this testimony. "To support a finding of prejudice, the court must determine that the delay impacted the defendant's ability to prepare or present its case."[7] "The concept of prejudice does not

---

[2] Fed.R.Crim.P. 16(d)(2).

[3] *United States v. Nichols*, 169 F.3d 1255, 1268 (10th Cir. 1999).

[4] *Id*.

[5] *United States v. Golyansky*, 291 F.3d 1245, 1249 (10th Cir. 2002).

[6] *Id*.

[7] *Id*. at 1250.

encompass the expense of additional trial preparation."[8] The government identified its experts and their potential testimony nearly two months before trial. While it is true that no curriculum vitae was provided, a curriculum vitae has now been provided for each expert. Defendant has had ample time to review the reports and to conduct any further investigation into the potential testimony of the government's experts.

Finally, Defendant has not asked for a continuance.[9]

It is therefore

ORDERED that Defendant's Motion in Limine to Prohibit Experts (Docket No. 20) is DENIED.

DATED   August 20, 2008.

BY THE COURT:

_____
TED STEWART
United States District Judge

---

[8] *Id*.

[9] *See United States v. Nevels*, 490 F.3d 800, 804 (10th Cir. 2007) (noting that defendant "never asked for a continuance of trial" as a factor bearing on its conclusion that defendant "failed to establish prejudice" from allegedly untimely disclosure of witness's identity).